NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL DOBKIN, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br>   v.<br><br>ENTERPRISE FINANCIAL GROUP, INC., a Texas corporation, and PRECISE ENTERPRISES LLC d/b/a Precise Auto Protection, a California limited liability company,<br><br>         Defendants. | **OPINION**<br><br>Civ. No. 2:14-cv-01989 (WHW) (CLW) |

**Walls, Senior District Judge**

Defendant Enterprise Financial Group, Inc. ("EFG") moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). This motion, decided without oral argument under Federal Rule of Civil Procedure 78(b), is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Michael Dobkin brings this action individually and on behalf of a putative class of similarly situated people against EFG and Precise Enterprises LLC ("Precise") for violations of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(c), and related regulations. Compl. ¶¶ 3, 41-49, ECF No. 1.

Plaintiff is a New Jersey citizen whose landline telephone number is registered with the national Do Not Call Registry. *Id.* ¶¶ 6, 31. Defendant EFG is a Texas corporation that sells financial products and services related to automobiles, such as auto warranties. *Id.* ¶¶ 1, 7. Defendant Precise is a California limited liability company that markets and sells EFG's products and services to consumers. *Id.* ¶¶ 2, 8.

**NOT FOR PUBLICATION**

Plaintiff alleges that Precise is EFG's "telemarketing agent" and places "outbound telemarketing calls to consumers' telephones" to market EFG's products. *Id.* ¶¶ 14-15. Plaintiff contends that, during these calls, Precise's representatives promote EFG's auto warranties and sometimes "identify themselves as calling from EFG, or on behalf of EFG, or for the purpose of selling EFG's products." *Id.* ¶ 15. These warranties are described on both Precise's and EFG's websites. *Id.* ¶¶ 17-18. Plaintiff asserts that Precise and EFG "jointly benefit from these calls through a revenue sharing agreement." *Id.* ¶ 14.

Plaintiff also claims that Precise is one of EFG's "clients," to whom EFG provides various consulting and training services. *Id.* ¶¶ 19-20. As such, EFG is "heavily involved with Precise Enterprises's sales practices and marketing procedures, and has full visibility into Precise Enterprises's telemarketing practices." *Id.* ¶ 21.

Beginning in or around February 2014, Plaintiff alleges he "began receiving calls to his landline" phone from Precise without his consent. *Id.* ¶¶ 26-30. Plaintiff and his wife answered many of these calls and requested that they stop. *Id.* ¶ 27. When the calls did not stop, Plaintiff asked the caller about the company making the calls. *Id.* ¶ 28. The caller's supervisor said he was calling from "Precise Auto Protection" to offer Plaintiff the "Choice" auto warranty package for $3,600. *Id.* Plaintiff requested a website to get more information about the warranty, and the supervisor directed him to "TheTechChoice.com." *Id.* ¶ 29. This web address automatically redirects visitors to the website "TechChoice.EFGcompanies.com," which is a part of EFG's website. *Id.* ¶ 16. Plaintiff alleges that in total he received "numerous, and no less than four, phone calls from Defendants." *Id.* ¶ 32.

Drawing on this experience, Plaintiff asserts that "Defendants made (and continue to make) these telemarketing calls" to consumers who have registered their numbers on the national

**NOT FOR PUBLICATION**

Do Not Call Registry and who have requested that the calls stop, *id.* ¶¶ 22-23, thereby inflicting unwanted aggravation, nuisance, invasion of privacy, and phone service charges. *Id.* ¶ 4.

Plaintiff seeks to represent a class of "[a]ll individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendants that promoted Defendants' products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her." *Id.* ¶ 34. Plaintiff supports the existence of this class by asserting that "consumer complaints online regarding unwanted phone calls from Defendants . . . are legion." *Id.* ¶ 24. Plaintiff cites several websites that aggregate complaints about phone calls from numbers potentially used by Defendants. *Id.*

Alleging these facts, Plaintiff maintains that Defendants violated the TCPA and related Federal Communications Commission ("FCC") regulations. *Id.* ¶¶ 40-49. First, Plaintiff claims that Defendants violated the FCC rule codified at 47 C.F.R. § 64.1200(c) (2013) by initiating telephone solicitations to telephone subscribers who registered their phone numbers on the national Do Not Call Registry. *Id.* ¶ 45. Second, Plaintiff claims that Defendants violated the FCC rule codified at 47 C.F.R. § 64.1200(d) by initiating telemarketing calls without maintaining a list of persons who request not to receive calls. *Id.* ¶ 47. Finally, based on these predicate violations of the FCC regulations, Plaintiff contends that Defendants violated the TCPA, 47 U.S.C. § 227(c)(5), and seeks an injunction, actual and statutory damages, and attorneys' fees and costs. *Id.* ¶ 48.

Defendant EFG moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). EFG argues that the complaint does not state a plausible claim that EFG is directly or vicariously liable for the calls Plaintiff received. EFG also asserts that the TCPA's private right of

action incorporates New Jersey state law and that this has the effect of foreclosing Plaintiff's class action claim. Finally, EFG argues that Plaintiff's request for relief arising from calls made to wireless phones must be dismissed because Plaintiff does not allege that he received a call on a wireless phone. EFG's arguments are considered in turn.

## STANDARD OF REVIEW

On a motion to dismiss, the court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 306 (3d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (2007) (citations omitted). It follows that "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Id.* at 563 n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## DISCUSSION

### A. Direct Liability

EFG argues that the complaint fails to establish EFG's direct liability for the alleged unlawful calls because it asserts that Precise, not EFG, made the calls. Def.'s Br. in Supp. of Mot.

**NOT FOR PUBLICATION**

to Dismiss ("Def.'s Br.") 6-9, ECF No. 17-1. The Court agrees that Plaintiff has failed to state a plausible claim for EFG's direct liability.

The FCC's TCPA regulations make it unlawful to "initiate" telemarketing calls to phone numbers registered on the national Do Not Call Registry or without maintaining a list of persons who request not to receive calls.[1] Interpreting the meaning of the word "initiate" in its TCPA regulations, the FCC has clarified that a "person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call." *In re Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6582-83 (2013). The FCC's interpretation of its regulations implementing the TCPA merits substantial deference. *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (reviewing courts "must give substantial deference to an agency's interpretation of its own regulations"). Because Plaintiff's complaint alleges only that Precise, and not EFG, placed unlawful phone calls, it follows that Plaintiff has not adequately alleged that EFG is directly liable for any unlawful calls.[2] *See also Thomas v. Taco Bell Corp.*, No. 12-56458, 2014 WL 2959160, at *1 (9th Cir. July 2, 2014) (finding that direct liability for TCPA violation was inapplicable to seller when actual sender of unlawful text message solicitation was a third party).

Without disputing that Precise placed the alleged unlawful calls, Plaintiff argues that EFG can still be directly liable for initiating them because it was highly involved in Precise's telemarketing efforts. Pl.'s Opp. to Mot. to Dismiss ("Pl.'s Opp.") 6, ECF No. 27. To support this

---

[1] FCC regulations 47 C.F.R. §§ 64.1200(c) and (d), which Plaintiff claims EFG violated, make it unlawful, subject to certain statutory exceptions, for any person or entity to "initiate any telephone solicitation" to any telephone subscriber who has registered his or her phone number on the national Do Not Call Registry, 47 C.F.R. § 64.1200(c), and to "initiate any call for telemarketing purposes" without instituting procedures for maintaining a list of persons who request not to receive such telemarketing calls, 47 C.F.R. § 64.1200(d).

[2] Where Plaintiff's complaint alleges that "Defendants" made the telemarketing calls without differentiating the Defendants by name, Compl. ¶¶ 12, 22, 23, 25, the Court does not interpret these allegations as asserting that EFG physically placed the calls because the complaint elsewhere indicates that Precise placed the calls. *Id.* ¶¶ 13, 14, 21, 28.

argument, Plaintiff relies on the FCC's comment that "one can imagine a circumstance in which a seller is so involved in the placing of a specific telephone call as to be directly liable for initiating it—by giving the third party specific and comprehensive instructions as to the timing and the manner of the call, for example." *In re Dish Network, LLC*, 28 F.C.C. Rcd. at 6583. This argument fails because Plaintiff's complaint does not indicate that this circumstance exists here.

Plaintiff has not alleged that EFG was directly involved in placing any specific phone call to Plaintiff or a putative class member. Rather, Plaintiff alleges that EFG "outsourced the telesales of its products to Defendant Precise Enterprises," Compl. ¶ 21, and that it was Precise's distinct role to "market[] EFG's products and services through widespread telemarketing." *Id.* ¶ 13. Although Plaintiff states that EFG was "heavily involved with Precise Enterprises's sales practices and marketing procedures" and assisted Precise with various types of consulting and training, *id.* ¶¶ 19-21, Plaintiff never alleges that EFG was involved in placing any particular phone call. Given the FCC's emphasis that one "initiates" a phone call by physically placing it, and the existence of vicarious liability for sellers who engage third parties to make unlawful telemarketing calls, Plaintiff's allegations that EFG oversaw and advised Precise's telemarketing do not suffice to bring EFG's actions within the ambit of direct liability. As such, Plaintiff has not stated a plausible claim for EFG's direct liability.

### B. Vicarious Liability

EFG also argues that Plaintiff has failed to assert a plausible theory of vicarious liability. EFG does not dispute that a seller can be vicariously liable under the TCPA for a third party agent's unlawful telemarketing calls. Def.'s Br. 9-10. Instead, EFG argues that it cannot be held vicariously liable for Precise's telemarketing calls because Plaintiff failed to plead facts establishing that Precise was EFG's agent. *Id.* at 10. The Court disagrees. Plaintiff has pled

enough facts to make it plausible that Precise had actual authority from EFG when it made the telemarketing calls at issue, thereby creating vicarious liability for EFG.

The Third Circuit has held that "[a]n agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 120 (3d Cir. 2013) (internal citations omitted). "Vicarious liability due to an agency relationship can be based on the agent's actual authority. An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." *Id.* (citing Restatement (Third) of Agency § 2.01 (2006)).

Plaintiff's allegations suffice to make out a claim that Precise had actual authority to sell EFG's products through telemarketing calls when it made the alleged unlawful calls. Plaintiff asserts that EFG "outsourced the telesales of its products" to Precise and that EFG and Precise "jointly benefit from these calls through a revenue sharing agreement where each is paid when an EFG product is sold by Precise." Compl. ¶¶ 14, 21. The complaint also states that EFG's and Precise's websites display the same product information, *id.* ¶¶ 17-18, and that Precise offered to sell Plaintiff the "Choice" warranty package that appears on both websites. *Id.* ¶ 28. Taken as true, these facts substantiate an outsourcing arrangement in which Precise had actual authority to sell EFG's products through telemarketing calls. The complaint also exhibits Precise's actual authority with assertions that Precise representatives viewed themselves as EFG's agents and would sometimes identify themselves as calling from or on behalf of EFG when they spoke with consumers. *Id.* ¶ 15.

**NOT FOR PUBLICATION**

Beyond the indications of actual authority, Precise's status as EFG's agent is supported by Plaintiff's assertions that Precise was acting under EFG's control and direction. As example, Plaintiff alleges that EFG was "heavily involved with Precise Enterprises's sales practices and marketing procedures" and maintained "full visibility into Precise Enterprises' telemarketing practices." *Id.* ¶ 21. Similarly, Plaintiff's allegation that Precise representatives directed consumers to a website which automatically rerouted to EFG's website suggests that EFG exerted control over Precise's telemarketing strategy. *Id.* ¶ 16. Plaintiff has adequately pled facts to make it plausible that EFG could be vicariously liable for Precise's alleged unlawful calls.

Because Plaintiff has sufficiently alleged EFG's vicarious liability under an actual authority theory, this Court need not consider the adequacy of Plaintiff's complaint with regard to other bases of vicarious liability.

### C. The TCPA's Private Right of Action

Defendant EFG also contends that Plaintiff's complaint must be dismissed because the TCPA's private right of action incorporates New Jersey state law and New Jersey law prohibits TCPA class actions. *See* Def.'s Br. 15-24.

The TCPA's relevant private right of action clause provides that a person "may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State" an action for an injunction and monetary damages. 47 U.S.C. § 227(c)(5). Defendant EFG argues that TCPA class actions are not "otherwise permitted" under New Jersey state law and that, consequently, the statute's plain language requires this Court to dismiss Plaintiff's case. Def.'s Br. 15-18. In opposition, Plaintiff contends that the Supreme Court's interpretation of the TCPA in *Mims v. Arrow Financial Services*, 132 S. Ct. 740 (2012), dictates that federal law, not state law, governs TCPA class actions brought in federal court. Pl.'s Opp. 17-22. This Court, in keeping

with the many federal courts that have considered this issue, agrees with Plaintiff that federal law governs TCPA class actions brought in federal court.

In *Mims*, the Supreme Court held that state and federal courts have concurrent jurisdiction over TCPA claims. *Mims*, 132 S. Ct. at 745. Analyzing 47 U.S.C. § 227(b)(3), a separate private right of action clause in the TCPA statute that is nearly identical to the one relevant here, 47 U.S.C. § 227(c)(5), the Court stated that the clause provides a "permissive grant of jurisdiction to state courts," and that "[n]othing in the permissive language of § 227(b)(3) makes state-court jurisdiction exclusive, or otherwise purports to oust federal courts of their 28 U.S.C. § 1331 jurisdiction over federal claims." *Id.* at 745, 749. The Court found that "by providing that private actions may be brought in state court 'if otherwise permitted by the laws or rules of court of [the] State,' Congress arguably gave States leeway they would otherwise lack to decide whether to entertain TCPA claims." *Id.* at 751 (internal citations omitted). It follows that the Supreme Court interpreted the statute's "if otherwise permitted" language as giving states discretion over their own state court TCPA enforcement, not as tethering TCPA enforcement in federal courts to state laws.

The Supreme Court also noted that subjecting federal court TCPA cases to each state's TCPA policies would undermine Congress's intent to establish "uniform, federal substantive prescriptions" for telemarketing. *Id.* ("Congress' design would be less well served if consumers had to rely on 'the laws or rules of court of a State,' . . . or the accident of diversity jurisdiction, to gain redress for TCPA violations"). The Supreme Court's construction of the TCPA's "if otherwise permitted" language as simply giving states their own TCPA enforcement discretion and its conclusion that Congress intended to install uniform TCPA enforcement in federal courts together instruct that federal law should govern TCPA claims brought in federal court. Although

9

**NOT FOR PUBLICATION**

the Third Circuit has not addressed this issue, the Second Circuit has reached the same conclusion, finding that *Mims* "emphasizes that Congress had a strong federal interest in uniform standards for TCPA claims in federal court" and holding that "Federal Rule of Civil Procedure 23, not state law, governs when a federal TCPA suit may proceed as a class action." *Bank v. Independence Energy Grp. LLC*, 736 F.3d 660, 661 (2d Cir. 2013). This is also far from the first time the District of New Jersey has considered this issue and arrived at this result. *See City Select Auto Sales, Inc. v. David Randall Associates, Inc.*, 296 F.R.D. 299, 312 (D.N.J. 2013); *Fitzgerald v. Gann Law Books, Inc.*, 956 F. Supp. 2d 581, 584-87 (D.N.J. 2013); *Landsman & Funk, P.C. v. Skinder-Strauss Associates*, No. CIV.A. 08-3610 KSH, 2012 WL 6622120, at *6-8 (D.N.J. Dec. 19, 2012); *Goodrich Mgmt. Corp. v. Afgo Mech. Servs., Inc.*, No. CIV. 09-43 WJM, 2012 WL 6554221, at *3 (D.N.J. Dec. 14, 2012); *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, Civ. 11–00011, 2012 WL 4903269, at *7 (D.N.J. Oct. 17, 2012).

Despite *Mims* and its progeny, EFG argues that a plain reading of the TCPA's "if otherwise permitted" language compels the application of New Jersey state law. Def.'s Br. 16-17. The Court disagrees. The Supreme Court explained in *Mims* that federal courts' jurisdiction in TCPA cases is derived from the "familiar default rule" that "[f]ederal courts have § 1331 jurisdiction over claims that arise under federal law." *Mims*, 132 S. Ct. at 753. Federal subject matter jurisdiction over Plaintiff's TCPA claim arises because the TCPA is a federal statute, not from the statute's permissive grant of jurisdiction to state courts. Because federal question jurisdiction arises not from the TCPA's text but from its federal provenance, the "if otherwise permitted" language is properly read as applying to actions brought in state courts. *See also Landsman & Funk*, 2012 WL 6622120, at *8 (finding that "the restrictive language applies to actions brought in courts of a state"); *Bais Yaakov of Spring Valley*, 2012 WL 4903269, at *7 (finding that "there is no direct

conflict between Rule 23 and state law such as to imply a congressional limitation on Rule 23, because the section at issue applies to a suit brought in state court, not federal").

This Court agrees with the others which have determined that federal law, not New Jersey law, applies to Plaintiff's TCPA class action claim in federal court. New Jersey's treatment of TCPA class action claims is inapplicable.

### D. Alleged Calls to Wireless Telephones

EFG's remaining argument is that Plaintiff's complaint should be dismissed to the extent it seeks relief from calls made to wireless telephones because Plaintiff does not allege that he received such calls. Def.'s Br. 15. The Court finds this argument unavailing.

Plaintiff's complaint does not seek individual relief for calls made to a wireless phone. Rather, it states a claim to individual relief from alleged unlawful calls to Plaintiff's landline.[3] Plaintiff's failure to allege that he received unlawful calls to a wireless phone does nothing to undermine his pleading.

Second, it is too early to resolve class certification questions. Plaintiff seeks to represent a class of "[a]ll individuals in the United States" who had their phone numbers registered with the national Do Not Call Registry but still received multiple telemarketing calls from Defendants in a twelve month period without consent. Compl. ¶ 34. On its face, Plaintiff's complaint indicates that Plaintiff shares the same claim as putative class members. The complaint's only references to wireless phone calls serve to allege that the relevant FCC TCPA regulations do not distinguish between telemarketing calls to wireless and landline phones. *Id.* ¶¶ 43, 45, 47.

---

[3] Because Plaintiff has adequately stated an individual claim for relief, EFG's reference to *Paldo Sign & Display Co. v. Hansen*, 2011 U.S. Dist. LEXIS 49585 (N.D. Ill. May 6, 2011), in which the plaintiff did not have a viable individual claim against the defendant, is inapposite.

**NOT FOR PUBLICATION**

While EFG's argument points to a difference between Plaintiff's claim and those of other potential class members, in that class members may have received unlawful calls to wireless phones instead of landline phones, this issue is best addressed at the class certification stage. The Third Circuit has emphasized that "rigorous analysis" is required before a district court makes class certification decisions. *Landsman & Funk PC v. Skinder–Strauss Associates*, 640 F.3d 72, 93 (3d Cir. 2011) (finding that the district court's class certification decision on motion to dismiss, where there had been no motion for class certification and no discovery, was premature). Accordingly, district courts in the Third Circuit commonly deny motions to strike class allegations prior to the class certification stage. *See P.V. ex rel. Valentin v. Sch. Dist. of Philadelphia*, 2:11-CV-04027, 2011 WL 5127850, at *3-6 (E.D. Pa. Oct. 31, 2011); *Humphreys v. Budget Rent A Car Sys. Inc.*, 10-CV-1302, 2014 WL 1608391, at *11 (E.D. Pa. Apr. 22, 2014). Given that EFG's challenge to Plaintiff's class action allegations precedes a motion for certification as well as any pre-certification discovery, it is premature.

Plaintiff's failure to allege that he received unlawful calls to a wireless phone does not undermine his pleading or necessitate dismissal of his class allegations.

## CONCLUSION

The Court denies Defendant EFG's motion to dismiss. An appropriate order follows.

Date: September 3, 2014

**/s/ William H. Walls**
United States Senior District Judge